1  LEONARDO M. RAPADAS
   United States Attorney
2  ERIC S. O'MALLEY
   Assistant United States Attorneys
3  DISTRICT OF THE NORTHERN
      MARIANA ISLANDS
4  Horiguchi Building, Third Floor
   P.O. Box 500377
5  Saipan, MP 96950
   Telephone:  (670) 236-2982
6  Fax:          (670) 236-2985

7  Attorneys for United States of America

**F I L E D**
Clerk
District Court

MAR - 5 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

8

9              **UNITED STATES DISTRICT COURT**
10             **NORTHERN MARIANA ISLANDS**

11  UNITED STATES OF AMERICA,         )    Criminal Case No. **08 - 0 0 0 1 0**
12                  Plaintiff,        )
13         v.                         )
14                                    )    PLEA AGREEMENT
    REYES, ROSE MAYO OMAR,            )
15      (a.k.a. Amin, Rose Mayo Omar) )
16                  Defendant.        )
17                                    )
18  _____

19         Under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the UNITED

20  STATES OF AMERICA and Defendant, ROSE MAYO OMAR REYES, hereby enter the

21  following Agreement:

22         1.    Defendant will plead guilty to an Information which charges Defendant with a

23  violation of Title 8, United States Code, Section 1325(a), and Title 18, United States Code,

24  Section 2, in connection with Mohamad Ruhul Amin's attempt to enter the United States by use

25  of a willfully false or misleading representation or by the willful concealment of a material fact.

26

27         a.    Defendant agrees that the time between the filing of this Agreement and

28  the date Defendant is sentenced following the change of plea is excludable under the Speedy

    Trial Act, 18 U.S.C. § 3161.

b.    Upon execution of this Agreement, Defendant will cooperate with the United States as follows:

i.    Defendant will meet with government representatives as often as necessary to provide information, answer questions, prepare for court or other official proceedings, and such other purposes as deemed necessary by the government to fulfill her responsibilities under this Agreement;

ii.    Defendant will appear and testify in any and all legal proceedings, including, but not limited to, grand jury, pre-trial, trial, re-trial, and sentencing proceedings; and

iii.    Defendant understands that any and all statements, information, and testimony that she provides must at all times be complete and truthful.  If, at any time, Defendant willfully provides statements, information, or testimony that is less than complete and truthful, Defendant shall be subject to prosecution for doing so, including, but not limited to, prosecution for making a false statement, obstruction of justice, and perjury.

2.    In exchange for Defendant's plea of guilty, the government will recommend that the Court impose the following sentence:

a.    A term of imprisonment not to exceed the statutory maximum of six (6) months; a more specific recommendation to be presented by the government at sentencing.

b.    A term of supervised release of one (1) year, with appropriate conditions as ordered by the Court.

3.    The parties stipulate and agree to the following facts:

a.    Defendant knowingly and willingly aided and abetted Mohamad Ruhul Amin's attempted entry into the United States;

-2-

b.      In furtherance of the scheme, the Defendant filed an application for a United States Passport (Form DS-11) in the District of the Northern Mariana Islands and Honolulu, Hawaii, knowing said application contained false or fraudulent information.

4.      Defendant understands that the Court alone makes all sentencing decisions, and is not bound by the parties' stipulations or agreements concerning facts, or the government's recommendations.  The Court, in its discretion, may impose any reasonable sentence up to and including the maximum penalties set by law after taking into account the factors enumerated in 18 U.S.C. § 3553(a).  Defendant is further advised and further understands that even if the sentence is different than Defendant expects, Defendant will not be allowed to withdraw her plea of guilty.  The maximum penalties for the offense to which Defendant is pleading guilty are:

a.      Six months' imprisonment;

b.      a fine of  $5,000 or the greater of twice the loss to the United States or the gain to Defendant;

c.      a term of supervised release of one year; and

d.      a mandatory special assessment of $10.

Defendant agrees to pay the mandatory special assessment as scheduled and ordered by the Court.

5.      Defendant is advised and understands that to establish a violation of Title 18, United States Code, Section 2, and Title 8, United States Code, Section 1325(a), as charged in Count One of the Information, the government must prove each of the following elements beyond a reasonable doubt:

a.      First, on or about August 23, 2007, Mohamad Ruhul Amin initiated an

-3-

attempt to enter the United States by use of a false or fraudulent statement;

        b.      Second, Mohamad Ruhul Amin knew that the statement was false or fraudulent; and

        c.      Third, Defendant knowingly aided and abetted Mohamad Ruhul Amin in that scheme.

    6.     Defendant is advised and understands that she has the following rights:

        a.      the right to plead not guilty and to persist in that plea;

        b.      the right to be represented by counsel – and if necessary have the Court appoint counsel to represent Defendant -- at trial and every other stage of the proceeding;

        c.      the right at trial to confront and cross-examine adverse witnesses;

        d.      the right at trial to compel the attendance of witnesses;

        e.      the right at trial to be protected from compelled self-incrimination; and

        f.      the right at trial to testify and present evidence but only if Defendant chooses to do so.

Defendant is further advised and understands that, if she pleads guilty and the Court accepts the plea, she waives all of these trial rights.

    7.     The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer without limitation any questions asked by the Court.

8.      In exchange for the government's concessions in this Agreement, the Defendant waives any right to appeal this conviction or to collaterally attack this conviction.  Defendant reserves the right to appeal the sentence imposed in this case, and this Agreement does not prevent the Defendant from challenging the effectiveness of her attorney after conviction. This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

9.      This Agreement is binding on the government only if Defendant pleads guilty, fulfills all of her obligations under this Agreement, does not engage in any conduct constituting obstruction of justice, and does not commit any new offenses.

10.     Defendant understands that if she violates this Agreement in any way, the government shall consider the Agreement to have been breached.  In that event, Defendant shall not have the right to withdraw her guilty plea.  The government, however, will be released from its obligations and restrictions imposed by the Agreement.  The government may, in its sole discretion and without limitation, proceed with any one or more of the following steps:

      a.      go forward with the guilty plea and sentencing;

      b.      make any and all sentencing recommendations that it deems appropriate;

      c.      treat the Agreement as a nullity, that is, as though the parties had never entered into it, withdraw the Agreement, and go to trial on the Information;

      d.      pursue additional charges against Defendant; and

      e.      use against Defendant, in this and in any other prosecution or proceeding, any and all information, statements, and testimony, including the stipulations made herein, that

-5-

she has provided at any time to government representatives, the grand jury, or to the Court.

11.     This Agreement is limited to the District of the Northern Mariana Islands.  It does not bind any other federal, state, or local authorities.

12.     This Agreement constitutes the entire agreement between the parties and supersedes and abrogates any prior agreements.  No other promises or inducements have been made concerning the plea in this case.  Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this Agreement.  Any additions, deletions, or modifications to this Agreement must be made in writing and signed by all the parties in order to be effective.

13.     Counsel for Defendant states that he has read this Agreement, been given a copy of it for his file, explained it to Defendant, and states that to the best of Counsel's  knowledge and belief, Defendant understands the Agreement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

14.    Defendant states that she has read the Agreement or has had it read to her, has discussed it with her Counsel, understands it, and agrees to its provisions.


DATED: 3-5-08

ROSE MAYO OMAR REYES
Defendant


DATED: 3-5-08

MATTHEW F. SMITH, ESQ.
Attorney for Defendant


LEONARDO M. RAPADAS
United States Attorney
District of the Northern Mariana Islands


DATED: 3.5.08

ERIC S. O'MALLEY
Assistant U.S. Attorney

-7-